IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYCO HEALTHCARE GROUP, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-264-SLR |
| | ) | |
| C.R. BARD, INC., and DAVOL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of November 2010, having reviewed plaintiff's motions to dismiss defendants' false marking counterclaim for lack of jurisdiction over the subject matter and the papers submitted in connection therewith;

IT IS ORDERED that said motion is denied (D.I. 157), as follows:

1. **Background.** This is a patent infringement action. Plaintiff filed its complaint on April 21, 2009 alleging that defendants' "SorbaFix" surgical mesh devices for hernia repair infringe U.S. Patent No. 6,562,051 ("the '051 patent"), directed to a system for discharging surgical helical fasteners from an applicator. (D.I. 1) On January 29, 2010, the court granted defendants' motion for leave to amend their answer to add a counterclaim alleging that plaintiff falsely marked its "AbsorbaTack" device with the number of the '051 patent in violation of the false marking statute, 35 U.S.C. § 292. (D.I. 49, 50) Plaintiff subsequently filed a motion to dismiss for failure to state a claim. (D.I. 62) After that motion was briefed and while it remained pending, plaintiff sought (and obtained) the court's leave to amend the complaint to add allegations that defendants' "PermaFix" device infringes the '051 patent. (D.I. 115) Defendants provided additional facts in support of their false marking allegations in their answer to

the amended complaint. (D.I. 143) On May 27, 2010, plaintiff again moved to dismiss, this time for lack of standing. (D.I. 157) That motion is currently before the court. The parties have since filed their claim construction briefing and summary judgment motions; trial has been set to commence February 7, 2011.

2. **Discussion**. Plaintiff argues that defendants lack Article III standing to bring their false marking counterclaim because they failed to plead the requisite "injury in fact." (D.I. 157) Since plaintiff has filed its motion, the Federal Circuit has addressed the holding in *Stauffer v. Brooks Brothers, Inc.*, 615 F. Supp. 2d, 248 (S.D.N.Y. 2009), relied upon by plaintiff in this regard. In reversing the district court, the Federal Circuit found that individual plaintiffs have standing to pursue the *qui tam* remedy provided by 35 U.S.C. § 292 as the government's "implicit partial assignee." *Stauffer v. Brooks Brothers, Inc.*, 609 F.3d 1321, 1325, 1327 (Fed. Cir. 2010) ("Stauffer's standing arises from his status as 'any person,' and he need not allege more for jurisdictional purposes."). That is, "[b]y allowing any person to sue, Congress granted individuals a legally cognizable right to half of the penalty defined in section 292(a)." *Id.* at 1328. Thus, plaintiff's motion to dismiss defendants' false marking counterclaim for lack of standing is denied.[1]

_____
United States District Judge

---

[1] It was incumbent on plaintiff to withdraw its motion after the Federal Circuit rendered its decision on August 31, 2010, rather than to require the court, in its very limited resources, to attend to a motion nullified by direct Federal Circuit precedent.

2